FILED & ENTERED

MAY 01 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egarcia    DEPUTY CLERK

# NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 2:11-bk-15975-PC |
| | ) | |
| SCI REAL ESTATE INVESTMENTS, | ) | Adversary No. 2:13-ap-01175-PC |
| LLC, a Virginia limited liability company, | ) | |
| | ) | |
| SECURED CALIFORNIA | ) | |
| INVESTMENTS, INC., a California | ) | |
| corporation; | ) | |
| | ) | |
| Debtors. | ) | Chapter 11 |
| ———————————————— | ) | |
| | ) | |
| WILLIAM HOFFMAN, not individually | ) | **MEMORANDUM DECISION** |
| but solely as Liquidating Trustee of the | ) | |
| SCI Bankruptcy Liquidating Trust, | ) | |
| | ) | Date:    April 16, 2013 |
| Plaintiff, | ) | Time:   9:30 a.m. |
| | ) | Place:  United States Bankruptcy Court |
| v. | ) | Courtroom # 1468 |
| | ) | 255 East Temple Street |
| JOEL D. and FAY S. ADELMAN, et al., | ) | Los Angeles, CA 90012 |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |

This matter comes before the court on a motion by Defendants, Joel D. Adelman, et al.,
(collectively, the "Defendants") seeking a dismissal of Plaintiff's Complaint for: (1) Avoidance
and Recovery of Actual Fraudulent Transfers [11 U.S.C. §§ 544(B), 550(A), 551 and California
Uniform Fraudulent Transfer Act, Cal. Civ. Code Sections 3439.01 – 3439.12]; (2) Avoidance
and Recovery of Constructive Fraudulent Transfers [11 U.S.C. §§ 544(B), 550(A), 551 and

California Uniform Fraudulent Transfer Act, Cal. Civ. Code Sections 3439.01 – 3439.12]; and (3) Second Omnibus Objection to and Disallowance of Claims Held by Defendants [See Attached Exhibit 1 for List of Defendants' Proofs of Claim] [11 U.S.C. §§ 502(B)(1) and 502(D)] ("Complaint") pursuant to F.R.Civ.P. 12(b)(6).[1]  William Hoffman, Liquidating Trustee of the SCI Bankruptcy Liquidating Trust ("Hoffman") opposes the motion.  Appearances were stated on the record.  The court, having considered the pleadings and arguments of counsel, makes the following findings of fact and conclusions of law pursuant to F.R.Civ.P. 52(a)(1), as incorporated into FRBP 7052 and applied to adversary proceedings in bankruptcy cases.

## I.    STATEMENT OF FACTS

On February 11, 2011, SCI Real Estate Investments, LLC ("SCI LLC") and Secured California Investments, Inc. ("SCI Inc.") filed voluntary petitions under chapter 11 of the Code in Case Nos. 2:11-bk-15975-PC and 2:11-bk-15987-BR, respectively, in the United States Bankruptcy Court, Central District of California, Los Angeles Division.  By order entered on March 4, 2011, the SCI Inc. case was reassigned to Judge Peter H. Carroll to be jointly administered with SCI LLC under Case No. 2:11-bk-15975-PC.  On June 15, 2012, the court confirmed the First Amended Joint Chapter 11 Plan of Liquidation for SCI Real Estate Investments, LLC and Secured California Investments, Inc. dated April 19, 2012.  Under the confirmed plan, Hoffman is authorized as the Liquidating Trustee to prosecute and settle all causes of action owned by the trust.

On February 15, 2013, Hoffman filed his four-count Complaint against the Defendants in this adversary proceeding.  According to the Complaint, SCI Inc. and SCI LLC (collectively, the "Debtors") operated approximately 60 limited liability companies engaged in the business of real

---

[1] Unless otherwise indicated, all "Code," "chapter" and "section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 after its amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005).  "Rule" references are to the Federal Rules of Bankruptcy Procedure ("FRBP"), which make applicable certain Federal Rules of Civil Procedure ("F.R.Civ.P.").  "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California ("LBR").

estate investment.  Each of the Debtors' limited liability companies would acquire equity in one or more commercial real estate properties and offer co-ownership interests in those properties to individual investors.  One of the Debtors' limited liability companies was SCI Ft. Myers Fund, LLC ("SCI Ft. Myers").  SCI Ft. Myers and Naples Realty Group, LLC formed Ft. Myers Property Investment Co. to acquire and operate three apartment communities in Ft. Myers, Florida.  SCI Inc. owned an 8.8% interest in SCI Ft. Myers.  Each of the Defendants invested with SCI Inc. in SCI Ft. Myers and, as an SCI Ft. Myers Fund Investor, received an SCI Ft. Myers Membership Interest.  Defendants' initial investments in SCI Ft. Myers ranged from $1,000 to $1,021,000 each, according to Exhibit 1 to the Complaint.

When the Ft. Myers Property Investment Co. proved unprofitable, SCI Ft Myers sent a letter to each of the Defendants offering to acquire their respective SCI Ft. Myers Membership Interests.  By Assignment Agreement dated November 1, 2008, the Defendants each transferred their respective SCI Ft. Myers Membership Interests to SCI Inc. and released SCI Inc. and its affiliates from any liability arising out of SCI Ft. Myers in exchange for  SCI Inc.'s promise evidenced by a promissory note ("Ft. Myers Note") to reimburse each Defendant for the Initial Investment, less any amounts already received.  Hoffman alleges that the Debtors were insolvent at the time of this transfer, and thereafter, did not make any payments on the Ft Myers Notes given to the Defendants in conjunction with the transfer.  Hoffman objects to the Defendants' respective proofs of claim and seeks to avoid and recover the transfers pursuant to § 544(b) as either actually or constructively fraudulent under state law.

On March 21, 2013, Defendants filed their Motion to Dismiss seeking a dismissal of Hoffman's Complaint with prejudice pursuant to F.R.Civ.P 12(b)(6) on the following grounds:

> First, the Complaint fails to describe any "fraudulent scheme" of the Debtors, let alone with the particularity that is required for allegations of fraud.  Second, the fraudulent conveyance allegations are premised on the unsupportable allegation that the SCI Ft. Myers Membership Interests were "worthless" or "had negligible value". . . , even though, at no point, does the Complaint assert the value of the underlying Portfolio Properties.  Third, based on the assumption that the SCI Ft. Myers Membership Interests had little value, the Complaint summarily concludes that the Ft. Myers Notes given in exchange for the SCI Ft. Myers Membership Interests (and the Defendants' Releases) were not of "a

reasonably equivalent value," without any factual basis to make such claim "plausible." <u>Finally</u>, the Complaint does not contain any factual allegation to support the conclusion that the Debtors were insolvent at the time of, or were made insolvent by, the SCI Ft. Myers Membership Interest Transfer – which was 27 months before the Petition Date.[2]

On April 2, 2013, Hoffman filed opposition to Defendants' Motion and Defendants replied on April 9, 2013.  After a hearing on April 16, 2013, the court took the matter under submission.[3]

## II.  <u>DISCUSSION</u>

This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b).  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (H) & (O).  Venue is appropriate in this court.  28 U.S.C. § 1409(a).

A.  <u>Standard for Dismissal Under Rule 12(b)(6)</u>

Rule 12(b)(6) authorizes the court, upon motion of the defendant, to dismiss a complaint for failure to state a claim upon which relief can be granted.[4]  F.R.Civ.P. 12(b)(6).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[5]  F.R.Civ.P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell</u>

---

` [2] Motion to Dismiss ("Defendants' Motion") 6:21 to 7:8.

[3] At the conclusion of oral argument, the court advised counsel for the parties of its intention to grant Defendants' motion and dismiss Hoffman's Complaint with leave to amend. The court notes that Defendants "do not consent to entry of final orders or judgment by the bankruptcy judge in this adversary proceeding."  Defendants' Motion 1:18-21.  Absent consent or waiver, this court lacks constitutional authority to enter a final judgment on a fraudulent transfer claim against a person or entity that has not filed a proof of claim against the bankruptcy estate.  <u>See</u> <u>Executive Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)</u>, 702 F.3d 553, 565 (9th Cir. 2012).  Dismissal with leave to amend, however, does not implicate <u>Stern v. Marshall</u> because it does not end the litigation on the merits.  <u>See</u> <u>Goodman v. H.I.G. Capital, LLC (In re Gulf Fleet Holdings, Inc.)</u>, 2013 WL 1342751 (Bankr. W.D. La. 2013).

[4] Rule 12(b)(6) is applicable to adversary proceedings by virtue of FRBP 7012(b).

[5] Rule 8(a) is applicable to adversary proceedings by virtue of FRBP 7008(a).

Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept plaintiff's legal conclusions as true.  Iqbal, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

In the bankruptcy context, Twombly means that a plaintiff can no longer simply recite the statutory language of the particular Code section under which a claim is brought and expect the complaint to give sufficient notice to a defendant of the plaintiff's claim for relief.  To pass muster under Twombly, a plaintiff must state a plausible claim for relief by identifying the specific facts upon which the plaintiff relies to support a finding on each element of the plaintiff's claim.  Only then will a defendant have sufficient notice of plaintiff's claim under Rule 8(a).  See, e.g., Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("the non-conclusory 'factual content,' and reasonable inferences from that content . . . [must] plausibly [suggest] a claim entitling the plaintiff to relief."); Limestone Dev. Corp. v. Vill. of Lemont, Ill., 520 F.3d 797, 802-03 (7th Cir. 2008) (stating that Twombly "teaches that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case").

B.  <u>Hoffman's Complaint Fails to State a Plausible Claim for Avoidance and Recovery of an</u>

<u>Actual Fraudulent Transfer</u>

Rule 9(b) states that, "[i]n alleging fraud or mistake, a party must state with particularity

the circumstances constituting fraud or mistake."  F.R.Civ.P. 9(b).  Rule 9(b)'s heightened

pleading standard applies to allegations of fraud and allegations sounding in fraud, including

false misrepresentations.  <u>See</u> <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1106-07 (9th Cir.

2003); <u>Neilson v. Union Bank of Cal., N.A.</u>, 290 F.Supp.2d 1101, 1141 (C.D. Cal. 2003).

Allegations under Rule 9(b) must be stated with "specificity including an account of the time,

place, and specific content of the false representations as well as the identities of the parties to

the misrepresentations."  <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 764 (9th Cir. 2007).  "To comply

with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the

particular misconduct which is alleged to constitute the fraud charged so that they can defend

against the charge and not just deny that they have done anything wrong."  <u>Bly-Magee v.</u>

<u>California</u>, 236 F.3d 1014, 1019 (9th Cir.2001) (citations/ internal quotations omitted).

Moreover, where a plaintiff pleads allegations of fraud against more than one defendant, Rule

9(b) "requires that a plaintiff plead with sufficient particularity attribution of the alleged

misrepresentations or omissions to each defendant."  <u>In re Silicon Graphics, Inc. Sec. Litig.</u>, 970

F.Supp. 746, 752 (N.D. Cal. 1997).

To state a claim for fraud, the plaintiff must also plead knowledge of falsity, or scienter.

<u>See</u> <u>In re GlenFed, Inc. Sec. Litig.</u>, 42 F.3d 1541, 1546 (9th Cir. 1994) (en banc).  The

requirement for pleading scienter is less rigorous than that which applies to allegations regarding

the "circumstances that constitute fraud" because Rule 9(b) states that "[m]alice, intent,

knowledge, and other conditions of a person's mind may be alleged generally."  F.R.Civ.P. 9(b).

However, the plaintiff must "set forth facts from which an inference of scienter could be drawn."

<u>Cooper v. Pickett</u>, 137 F.3d 616, 628 (9th Cir. 1997) (quoting <u>GlenFed</u>, 42 F.3d at 1546).

Under California law, a transfer made with the actual intent to hinder, delay or defraud

any creditor of the debtor violates California's Uniform Fraudulent Transfer Act ("UFTA").  Cal.

Civ. Code § 3439.04; see Mejia v. Reed, 31 Cal.4th 657, 664 (2003).  To prevail under

California's UFTA § 3439.04(a)(1), Hoffman must establish by a preponderance of the evidence

that the Debtors transferred the Ft. Myers Notes and releases in exchange for the SCI Ft. Myers

Membership Interests with the actual intent to hinder, delay or defraud a creditor.  See

Wolkowitz v. Beverly (In re Beverly), 374 B.R. 221, 235 (9th Cir. BAP 2007) ("Whether there is

actual intent to hinder, delay, or defraud under UFTA is a question of fact to be determined by a

preponderance of evidence.").  Because a debtor rarely admits to such a transfer, the evidence of

intent "must of necessity consist of inferences drawn from the circumstances surrounding the

transaction and the relationship and interests of the parties."  Neumeyer v. Crown Funding Corp.,

56 Cal.App.3d 178, 183 (1976); see Beverly, 374 B.R. at 235 ("Since direct evidence of intent to

hinder, delay or defraud is uncommon, the determination typically is made inferentially from

circumstances consistent with the requisite intent.").  The UFTA identifies 11 non-exclusive

factors, or "badges of fraud," that may be applied by a court to divine fraudulent intent:

1.      Whether the transfer or obligation was to an insider.

2.      Whether the debtor retained possession or control of the property after the transfer.

3.      Whether the transfer or obligation was disclosed or concealed.

4.      Whether the debtor was sued or threatened with suit before the transfer was made or obligation incurred.

5.      Whether the transfer was of substantially all of the debtor's assets.

6.      Whether the debtor absconded.

7.      Whether the debtor removed or concealed assets.

8.      Whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or obligation incurred.

9.      Whether the debtor was insolvent or became insolvent shortly after the transfer was made or obligation incurred.

10.    Whether the transfer occurred shortly before or shortly after a substantial debt was incurred.

11.    Whether the debtor transferred essential assets of the business to a lienholder who then transferred the assets to an insider of the debtor.

Cal. Civ. Code § 3439.04(b).  The UFTA factors are intended "to provide guidance to the trial court, not compel a finding one way or another."  Filip v. Bucurenciu, 129 Cal.App.4th 825, 834 (2005).  As the court observed in Beverly:

> The UFTA list of "badges of fraud" provides neither a counting rule nor a mathematical formula.  No minimum number of factors tips the scales toward actual intent.  A trier of fact is entitled to find actual intent based on the evidence in the case, even if no "badges of fraud" are present.  Conversely, specific evidence may negate an inference of fraud notwithstanding the presence of a number of "badges of fraud."

374 B.R. at 236.

In this case, Hoffman's Complaint describes SCI Inc.'s acquisition of each of the Defendants' SCI Ft. Myers Membership Interests in exchange for a Ft. Myers Note and a release. Hoffman's Complaint identifies the date of the transfer and alleges that the transfer "was in connection with, and in furtherance of, the Debtors' on-going fraudulent scheme."[6]  According to Hoffman, "the Debtors needed to appease their most prized investors, and did so, by acquiring Defendants' worthless SCI Ft. Myers Membership Interests in exchange for the Ft. Myers Notes – in order to ensure that the Defendants would continue to invest in SCI TIC Real Estate Investments."[7]  Hoffman's Complaint does not, however, sufficiently allege facts that would form the basis for a finding that the exchange itself hindered, delayed or defrauded a creditor of the Debtors or that the Debtors intended the exchange to do so on the date of the transfer.

---

[6] Complaint 13:13-14; 13:15-16.

[7] Id. 13:16-19.

In paragraph 63 of the Complaint, Hoffman alleges three "badges of fraud" from which the court is asked to divine the requisite actual intent.[8]  However, the allegations in Hoffman's Complaint "set forth [few] facts from which an inference of scienter [can] be drawn."  See Cooper, 137 F.3d at 628.  Each of the allegations in paragraph 63 is a legal conclusion "which may not [be] substitute[d] for well-pleaded facts allowing the Court to reasonably infer that those conclusions are true."  Allstate Ins. Co. v. Countrywide Fin. Corp., 842 F.Supp.2d 1216, 1226 (C.D. Cal.2012).

Absent the following facts, Hoffman's Complaint fails to state a plausible claim to recover an actual fraudulent transfer under § 544(b) and Cal. Civ. Code § 3439.04(a)(1):

1) The value of the SCI Ft. Myers Membership Interest conveyed by each Defendant to SCI Inc. on the date of the transfer, together with facts forming the basis for such valuation;

2) The value of the Ft. Myers Note and release conveyed to each Defendant by SCI Inc. on the date of the transfer, together with facts forming the basis for such valuation;

3) Facts that form the basis for Hoffman's assertion that "the Debtors were insolvent as of December 31, 2007."[9]  [A debtor is insolvent when "the sum of such entity's debts is greater than all of such entity's property, at fair valuation."  11 U.S.C. § 101(32)(A)].

4) Facts that form the basis for Hoffman's assertion that "[t]he Defendants knew that the value of the consideration received by the Debtors in exchange for the Ft. Myers Notes was not of a reasonably equivalent value."[10]

5) Facts that form the basis for Hoffman's assertion that "the Debtors were (i) insolvent when the Actual Fraudulent Transfers were made to the Defendants, or became insolvent as a result of the Actual Fraudulent Transfers made to the Defendants; or (ii) engaged in business or a transaction, or were about to engage in a business or a transaction, for which the property remaining with the Debtors after the Actual Fraudulent Transfers were made constituted unreasonably small capital; or, in the alternative, (iii) at the time the Actual Fraudulent Transfers were made, the Debtors

---

[8] Id. 14:24 – 15:4.

[9] Id. 12:14-15.

[10] Id. 14:19-20.

intended to incur, or believed they would incur, debts that would be beyond the Debtors' ability to pay as they matured."[11]

For these reasons, Hoffman's first cause of action to avoid and recover actual fraudulent transfers must be dismissed for failure to state a claim upon which relief can be granted.

C.  Hoffman's Complaint Fails to State a Plausible Claim for Avoidance and Recovery of a Constructively Fraudulent Transfer

Courts do not generally apply the heightened pleading standard of Rule 9(b) to constructive fraud claims. The 1849 Condominiums Assoc., Inc. v. Bruner, 2010 WL 2557711 (E.D. Cal. 2010), citing Cendant Corp. v. Shelton, 474 F.Supp.2d 377, 380 (D. Conn. 2007). Rule 9(b) is inapplicable because constructive fraud claims "are not based on actual fraud but instead rely on the debtor's financial condition and the sufficiency of the consideration provided by the transferee." In re Careamerica, Inc., 409 B.R. 737, 755-56 (Bankr. E.D.N.C. 2009).  Still, a constructive fraud claim must satisfy Rule 8(a) and contain sufficient facts to establish that the claim is plausible.

Under California law, constructive fraud may be found as to any present or future creditor when a debtor does not receive a reasonably equivalent value in exchange for a transfer, and either

(A) [w]as engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction, [or]

(B) Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

Cal. Civ. Code § 3439.04(a)(2).  Similarly, constructive fraud can be found under Cal. Civ. Code § 3439.05, "as to an existing creditor if the debtor does not receive reasonably equivalent value and 'was insolvent at that time or ... became insolvent as a result of the transfer" Mejia v. Reed, 31 Cal.4th at 670, quoting Cal Civ. Code § 3439.05.

---

[11] Id. 14:24 – 15:4.

Here, Hoffman's constructive fraud claims are insufficiently stated and must be

dismissed.  At its core, "a constructive fraudulent transfer has two elements:  reasonable

equivalent value and insolvency."  <u>Allstate Ins. Co.</u>, 842 F.Supp.2d at 1224.   As previously

stated, Hoffman's Complaint does not state sufficient facts to plausibly show that on the date of

the transfer the Debtors were actually insolvent or received less than was given to the

Defendants.  Absent the following facts, Hoffman's Complaint fails to state a plausible claim to

recover a constructive fraudulent transfer under § 544(b) and Cal. Civ. Code § 3439.04(a)(2) or §

3439.05:

1.  The value of the SCI Ft. Myers Membership Interest conveyed by each
    Defendant to SCI Inc. on the date of the transfer, together with facts forming
    the basis for such valuation;

2.  The value of the Ft. Myers Note and release conveyed to each Defendant by
    SCI Inc. on the date of the transfer, together with facts forming the basis for
    such valuation;

3.  Facts that form the basis for Hoffman's assertion that "the Debtors were
    actually insolvent at the time the Constructive Fraudulent Transfers were
    made to each of the Defendants."[12]

4.  Facts that form the basis for Hoffman's assertion that "the Debtors were (i)
    insolvent when the Constructive Fraudulent Transfers were made to the
    Defendants, or became insolvent as a result of the Constructive Fraudulent
    Transfers made to the Defendants; or (ii) engaged in business or a transaction,
    or were about to engage in a business or a transaction, for which the property
    remaining with the Debtors after the Constructive Fraudulent Transfers were
    made constituted unreasonably small capital; or, in the alternative, (iii) at the
    time the Constructive Fraudulent Transfers were made, the Debtors intended
    to incur, or believed they would incur, debts that would be beyond the
    Debtors' ability to pay as they matured."[13]

For these reasons, Hoffman's second cause of action to avoid and recover constructive fraudulent

transfers must be dismissed for failure to state a claim upon which relief can be granted.

---

[12] <u>Id.</u> 16:23-24.

[13] <u>Id.</u> 16:25 – 17:5.

D.  Hoffman's Complaint Fails to State a Plausible Claim for Disallowance of Defendants'
Proofs of Claim Pursuant to 11 U.S.C. § 502(d) or 11 U.S.C. § 502(b)(1)

Having failed to sufficiently plead the actual fraudulent transfer claims and constructive fraudulent transfer claims, Hoffman's third and fourth causes of action must be dismissed.

E.  Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave [to amend] when justice so requires."  F.R.Civ.P. 15(a)(2).[14]  If a complaint lacks facial plausibility, a court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment.  Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).  It is not clear to the court at this juncture whether the deficiencies in Hoffman's Complaint cannot be cured by amendment.

CONCLUSION

As Hoffman fails to state a claim upon which relief can be granted with respect to each of the counts in the Complaint, Defendants' motion to dismiss under F.R.Civ.P. 12(b)(6) will be granted with leave to amend.  Hoffman shall file and serve Plaintiff's First Amended Complaint not later than June 3, 2013, to cure the deficiencies identified above and to state a plausible claim for relief on each of his four causes of action.  Defendants must file and serve a response to Hoffman's First Amended Complaint not later than June 28, 2013.

A separate order will be entered consistent with this opinion.

###

Date: May 1, 2013

Peter H. Carroll
United States Bankruptcy Judge

---

[14]  Rule 15(a)(2) is applicable to adversary proceedings by virtue of FRBP 7015.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*):   **Memorandum Decision**   was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1.    SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** – Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of (*date*) 05-1-2013 , the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

- Kay S Kress     kressk@pepperlaw.com, alexsym@pepperlaw.com
- Christine M Pajak     cpajak@stutman.com
- Penelope Parmes     pparmes@rutan.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

☐ Service   information   continued on attached page

**2.    SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

☐ Service   information   continued on attached page